PEOPLE OF PORTO RICO, Plaintiff and Appellant, *v.* GREGORIO SUÁREZ, Defendant and Appellee.

No. 3361. Argued December 15, 1927.—Decided December 24, 1927.

*Fernando Gallardo* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Gregorio Suárez was charged with carrying a cobbler's knife, an instrument with which bodily injury may be inflicted. The defendant pleaded not guilty. The case went to trial and finally the court convicted the defendant and sentenced him to thirty days in jail, from which judgment he appealed to this court.

The appellant does not allege that he did not carry the arm. What he contends is that he carried it within his house and therefore is within exception 5 of section 5 of Act No. 14 of 1924 prohibiting the carrying of arms which says that

the provisions of that Act shall not be applicable "To the carrying of arms within one's dwelling or estate."

All depends on the scope of the evidence. There were two witnesses for the prosecution. Carmelo Concepción testified that he had a quarrel with the defendant in his house; "that he went outside and then Gregorio Suárez wounded him with a cobbler's knife." Pedro Concepción testified "that when the defendant wounded his brother the latter was about to go out and was at the door with one foot inside and the other outside of the house and the defendant from within wounded him in the back."

The defendant called several witnesses and all of them testified that the carrying of the arm had taken place within the house.

At the conclusion of the evidence on both sides the court recalled Carmelo Concepción who testified "that he had been wounded while standing in the door of his house with one foot outside and the other inside; . . . . that defendant Gregorio Suárez was inside of the house when he wounded him."

Both the defendant and Concepción lived in the same house in the town of Naguabo, Suárez being married to a sister of Concepción.

The *Fiscal* of the Supreme Court admits that the evidence can not serve as a basis for the judgment of conviction and acquiesces in its reversal.

No other conclusion can be reached. In this case it is not sought to punish the defendant for having wounded Concepción in the back. The prosecution is exclusively for the carrying of a prohibited arm. Perhaps in the first testimony of Carmelo Concepción there may be some element on which to base a judgment of conviction, but that element disappeared with his later testimony which is perfectly congruent with the testimony of the other witness for the prosecution, Pedro Concepción. The defendant was inside of his house

and, therefore, did not commit any offense in carrying there the forbidden arm.

The judgment appealed from should be reversed and the defendant discharged.